## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GEORGE B IRVINE, III, Individually and on Behalf of a Class,<br><br>        Plaintiff,<br><br>  and<br><br>UNITED STATES OF AMERICA,<br><br>        Intervenor-Plaintiff,<br><br>    v.<br><br>233 SKYDECK, LLC and DOES 1-10,<br><br>        Defendants. | Case No. 08 C 4939<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion is Denied.

### I. BACKGROUND

233 Skydeck, LLC (hereinafter, the "Defendant"), operates the Skydeck at the Sears Tower in Chicago, a popular tourist attraction that accepts credit card payment for admission. George R. Irvine, III (hereinafter, the "Plaintiff"), alleges that he visited Skydeck on July 17, 2008, paid for admission with a credit card, and received a computer-generated receipt that contained the expiration

date of his card in violation of the Fair and Accurate Credit Transactions Act (the "FACTA"). Plaintiff filed suit on behalf of a putative class seeking statutory damages, punitive damages and attorneys fees and costs. Plaintiff alleges that Defendant willfully violated FACTA but does not allege that he suffered any actual damages as a result of Defendant's conduct. Because Defendant's Motion to Dismiss challenges the constitutionality of FACTA, the Court permitted the United States of America to intervene to defend the statute's constitutionality under 28 U.S.C. § 2403(a).

In 2003, Congress enacted FACTA as an amendment to the Fair Credit Reporting Act (the "FCRA") in response to the growing problem of identity theft. FACTA is aimed at curbing identity theft accomplished through the misappropriation of personal credit card information contained on lost or discarded receipts. Accordingly, FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). However, FACTA expressly exempts from this prohibition "transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card." 15 U.S.C. § 1681c(g)(2). FACTA employs the damages scheme provided by FCRA

and permits a plaintiff to recover statutory damages between $100 and $1,000 or actual damages, punitive damages, and attorney's fees and costs for a willful violation of the statute. 15 U.S.C. § 1681n.

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that FACTA is unconstitutional in three respects: (1) FACTA violates due process because the range of statutory damages permitted for a willful violation of the Act (*i.e.,* $100 to $1,000) is impermissibly vague and, combined with the punitive damages provision, would permit excessive damage awards; (2) FACTA violates due process because the provision for punitive damages, in addition to the range of statutory damages, constitutes impermissible "double punishment"; and (3) FACTA violates the Equal Protection Clause of the Fourteenth Amendment because it exempts merchants who issue handwritten or imprinted credit card receipts. The court addresses each of Defendant's arguments in turn.

## II. **DISCUSSION**

### A. **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *See, e.g., Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir., 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims. . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." *Smith v. Cash Store Management, Inc.*, 195 F.3d 325, 327 (7th Cir., 1999) (citing *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir., 1997)). A motion to dismiss will be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir., 1993) (citing *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir., 1988)).

## B. Defendant's Motion to Dismiss

### 1. Defendant's Due Process Challenges to FACTA's Damages Scheme

#### a. Sliding Scale for Statutory Damages

Defendant claims that FACTA violates due process because its statutory damages range of $100-$1,000 per willful violation is vague because it fails to provide juries with any guidance over the precise amount of statutory damages to award.

A statute is impermissibly vague where it fails to give fair warning of what is prohibited, fails to give explicit standards to those enforcing it, creates a risk of discriminatory enforcement and, thus, chills lawful behavior. *Anderson v. Milwaukee County*, 433 F.3d 975, 978 (7th Cir., 2006). A statute regulating economic activity, such as FACTA, however, is subject to a less stringent

vagueness test than criminal statutes "because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). In the commercial context, a statute need only be sufficiently clear that its prohibitions would be understood by an ordinary person operating a profit-driven business. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 629 (1984).

Defendant does not contend that it failed to understand what activities FACTA prohibits. Rather, Defendant argues that FACTA fails to apprise it of the precise statutory damages that a jury may impose for a violation. However, statutory damages ranges like that enumerated in FACTA are commonplace and courts routinely uphold them. *See, e.g., U.S. v. Batchelder*, 442 U.S. 114 (1979) (rejecting vagueness challenge where two federal criminal statutes imposed different penalty ranges for the same underlying conduct because the statutes "clearly define the conduct prohibited and the punishment authorized"); *Douglas v. Cunningham*, 294 U.S. 207 (1935) (holding that damages award within the Copyright Act's statutory range could not be an abuse of discretion); *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63 (1919) (rejecting due process challenge to statutory damages award that was within the range of "not less than fifty dollars nor more than three hundred dollars"

per offense); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir., 1997); *Arrez v. Kelly Services, Inc.*, 522 F.Supp.2d 997 (N.D.Ill., 2007); *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 488 F.Supp.2d 719 (N.D.Ill., 2007).

Defendant's vagueness challenge relies on the Northern District of Alabama decision *Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, 552 F.Supp.2d 1302 (N.D.Ala., 2008). The court in *Grimes* found that FACTA's sliding scale for statutory damages was impermissibly vague because "one jury can decide that a particular violation calls for $100, while another jury can decide that precisely the same violation by the same vendor is worth $1,000, while other juries can, willy nilly, award something in between." *Grimes*, 552 F.Supp.2d at 1306.

As an initial matter, *Grimes* is not controlling authority and decisions of other district courts are "entitled to no more weight than their intrinsic persuasiveness merits." *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir., 1987). The court in *Grimes* cited no authority for its finding that FACTA was unconstitutionally vague and all other courts that have considered a vagueness challenge to FACTA's sliding scale of statutory damages have rejected it. *See Ashby v. Farmers Ins. Co. of Oregon*, --- F.Supp.2d ---, No. 01-1446, 2008 WL 5424025, at *7 (D.Or., Dec. 12, 2008) (rejecting the reasoning of *Grimes* because FACTA "clearly sets out the duties required . . . and the range of penalties that

may be imposed for violating those duties"); *Turner v. Creative Hospitality Ventures, Inc.*, 588 F.Supp.2d 1347, No. 08-61040, 2008 WL 5062689, at *1 (S.D.Fla., Dec. 2, 2008) (rejecting *Grimes* and finding that "a reasonable jury tasked with this responsibility will be able to affix the proper amount of damages"); *Smith v. MSV Sales & Services, LLC*, No. 08-61436, 2008 WL 4921356, at *2 (S.D.Fla., Nov. 18, 2008) (same); *Smith v. Casino Ice Cream, LLC*, No. 08-61285, 2008 WL 4541013, at *2 (S.D.Fla., Oct. 9, 2008) (same). This court does not find the reasoning of *Grimes* persuasive and instead sides with those courts that have found that a reasonable jury tasked with determining the proper amount of damages for a FACTA violation will be able to do so within the statutory range.

### *b. Potential for an Excessive Damages Award*

Defendant also challenges the constitutionality of FACTA as applied to it. According to Defendant, the imposition of statutory and punitive damages under FACTA, where plaintiff has alleged no actual damages, would be a penalty so severe and so disproportionate to the actual damages sustained that it would violate due process. Defendant's argument is unpersuasive.

A plaintiff need not allege any actual injury in order to recover statutory damages under FACTA. *See Killingsworth v. HSBC Bank Nevada,* N.A., 507 F.3d 614, 622 (7th Cir., 2007) ("actual damages are not necessarily a precondition for [a FACTA] suit");

*Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir., 2006) ("That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury.").

Furthermore, Defendant's "as applied" argument is premature. The mere possibility that statutory and punitive damages in this case could be substantial if awarded to an entire class of plaintiffs does not warrant a finding that FACTA is unconstitutional at this early stage of the litigation. *See Murray*, 434 F.3d at 954; *Troy v. Home Run Inn, Inc.*, No. 07-4331, 2008 WL 1766526, at *3 (N.D.Ill., Apr. 14, 2008); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831, 839 (N.D.Ill., 2008); *Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82, 90 (N.D.Ill., 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 216 (N.D.Ill., 2008); *Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816, 821-822 (N.D.Ill., 2007); *Arrez*, 522 F.Supp.2d at 1008. In any event, judges can reduce excessive damages awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Murray*, 434 F.3d at 954. Defendant has not cited a single case, nor has the court found one, dismissing a complaint for failure to state a claim because it requested damages in an amount that might hypothetically be excessive. Accordingly, the mere possibility of an excessive statutory and punitive damages award under FACTA does not

constitute a due process violation and does not require dismissal of the complaint.

### 2. Defendant's "Double Punishment" Challenge to FACTA's Damages Scheme

Defendant contends that any award of statutory damages above the $100 minimum is necessarily punitive in nature and, because FACTA allows punitive damages in addition to statutory damages, it effectively permits the imposition of punitive damages twice for the same violation. Such "double punishment" violates due process according to Defendant. Defendant cites only *Grimes* (which cites nothing) and the Fifth Amendment in support of this argument, so it appears to rest on the Fifth Amendment's Double Jeopardy Clause.

The Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Hudson v. U.S.*, 522 U.S. 93, 98 (1997) (emphasis in original). Double jeopardy has no application in the civil context. *Schellenbach v. S.E.C.*, 989 F.2d 907, 911 (7th Cir., 1993) (citing *Breed v. Jones*, 421 U.S. 519, 528 (1975)). Furthermore, there is no general due process prohibition on double punishment for a single statutory violation. *Hudson*, 522 U.S. at 98-99 (double jeopardy "does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment").

Here, Defendant does not, and could not, argue that FACTA's statutory or punitive damages provisions constitute criminal punishment. Indeed, Section 1681n which sets forth the damages scheme for FCRA and FACTA is entitled "Civil liability for willful noncompliance." 15 U.S.C. § 1681n. Because the remedies sought by Plaintiff are civil, rather than criminal, in nature, the double jeopardy clause has no application and Defendant's "double punishment" argument fails.

### *3. Defendant's Equal Protection Challenge to FACTA's Exemption of Merchants Who Do Not Issue Electronic Credit Card Receipts*

Defendant contends that FACTA violates the Equal Protection Clause of the Fourteenth Amendment because its prohibitions apply only to merchants who issue electronically printed receipts, and not merchants who issue imprinted or handwritten receipts. 15 U.S.C. 1681c(g)(2). Where a challenged statute does not involve a suspect class or a fundamental right, courts apply the rational basis test under which a statutory classification is valid if it bears a rational relation to a legitimate governmental purpose. *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 547 (1983). In the context of economic regulation that test is whether "the classification rests on grounds wholly irrelevant to the achievement of the [s]tate's objective" and "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*,

366 U.S. 420, 425-26 (1961). Only irrational distinctions will be struck down. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) ("the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines").

Here, one can easily conceive of a state of facts justifying FACTA's exemption of handwritten and imprinted credit card receipts. Adapting an electronic printing system to comply with FACTA likely requires a one-time computer programming change. Thus, in the case of an electronic printing system, it is highly unlikely that a merchant would issue only a single noncompliant receipt; rather, the whole system and all receipts issued would be noncompliant. With respect to handwritten or imprinted receipts, however, it is entirely possible that a merchant may occasionally forget to redact or omit numbers. In balancing these harms, Congress may have considered the harm caused by an electronic printing system issuing a large number of noncompliant receipts to outweigh the harm caused by a noncompliant handwritten or imprinted receipt occasionally slipping through the cracks. Also, handwritten or imprinted receipts leave no electronic record of their issuance so they pose unique challenges with respect to document authentication. Such receipts could be altered after issuance and such alteration would be difficult to detect. In

short, FACTA's exemption of handwritten and imprinted receipts bears a rational relation to the government's interest in preventing identity theft and Defendant's equal protection challenge fails.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss the Complaint is denied.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

**DATE:** 2/12/2009